**The below described is SIGNED.**

**Dated: February 3, 2015**



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 14-25542 |
|---|---|
| KURT W. WILSON, | Chapter 7 |
| Debtor. | **Chief Judge William T. Thurman** |

**MEMORANDUM DECISION**

The matter before the Court is the Chapter 7 Trustee's objection to Kurt Wilson's claim of a homestead exemption in three parcels of real property on his Schedule C. On January 9, 2015, the Court conducted an evidentiary hearing on the Trustee's objection. Jessica Peterson appeared on behalf of David West, the Chapter 7 Trustee (the "Trustee"), and Benjamin Ruesch appeared on behalf of Kurt Wilson (the "Debtor"). Based on the evidence, the written submissions of the parties and the Court's own independent research, the Court issues the following memorandum decision, which constitutes its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable in this matter by Federal Rules of Bankruptcy Procedure 9014 and 7052.

**I.     JURISDICTION, NOTICE, AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). The matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and venue is appropriately laid in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court finds that notice of the matter is proper in all respects.

**II.    BACKGROUND**

1. The Debtor filed for Chapter 13 relief on May 28, 2014 and subsequently converted his case to one under Chapter 7 on September 4, 2014.

2. Prior to converting his case, the Debtor listed three properties on his Schedule A. All three properties are located in Hurricane, Utah, and the Debtor valued the properties as follows: a 0.47 acre parcel ("Parcel 1") for $234,500; a 0.17 acre parcel ("Parcel 2") for $8,000; and a 1.27 acres parcel ("Parcel 3") for $100.[1]

3. Parcel 1 is listed on Schedule A to have encumbrances in the amount of $357,801, and Parcels 2 and 3 are listed as unencumbered.[2] The Debtor testified that there is a judgment lien recorded in the Washington County Recorder's Office, but, for the purposes of this decision, whether that creates a valid encumbrance on any real

---

[1] On the Debtor's original Schedule A filed on July 1, 2014, the Debtor listed the value of Parcels 1, 2, and 3 as $234,500, $6,000, and $45,800, respectively. After the hearing held on January 9, 2015, the Debtor amended his Schedule A to list the values of the parcels as reflected above. The amendments to Schedule A do not alter the Court's analysis. *See infra* note 3. All further references to Schedule A in this memorandum decision refer to the amended Schedule A filed on January 14, 2015.

[2] The Court notes that the Debtor's Schedule A is inconsistent with his Schedule D, which lists the parcels as encumbered. This factor is not relevant for the Court's decision, and the Court proceeds with its analysis.

property of the Debtor is irrelevant.

4. The three parcels are contiguous. The Debtor's constructed home is on Parcel 1. The bulk of Parcel 2 is to the west of Parcel 1 with a narrow strip of land on the south edge of Parcel 1. Parcel 3 is to the west of Parcel 2 and does not touch Parcel 1.

5. The Debtor purchased each of the parcels separately. The Debtor testified that he purchased Parcel 2 to meet the local setback requirements, which require that a constructed home be no less than fifteen feet from the property line. Through the purchase of Parcel 2, the Debtor testified that he meets this requirement. The Debtor also uses Parcel 2 as a yard, where he maintains a chicken coop.

6. On Parcel 3, the Debtor has aspirations to grow cacti and harvest the fruit, but is not doing so at this time.

7. Following the January 9, 2015 hearing, the Court allowed the Debtor ten days to amend his Schedule C. The Debtor timely filed an amended Schedule C, which claims a homestead exemption in Parcel 1 for $100 and Parcel 2 for $29,900 pursuant to Utah Code Ann. § 78B-5-503(2)(ii) and in Parcel 3 for $5,000 pursuant to Utah Code Ann. § 78B-5-503(2)(I).[3] The Trustee subsequently filed an objection to the Debtor's amended Homestead Exemption on February 3, 2015.

---

[3] On the Debtor's original Schedule C, to which the Trustee objected, the Debtor claimed a homestead exemption under Utah Code Ann. § 78B-5-503(2) in Parcel 2 and Parcel 3 for $5,000 each, for a total claimed exemption of $10,000. He did not claim an exemption in Parcel 1. It was not clear from the original Schedule C whether the Debtor claimed the homestead exemptions under subsections (a)(I) or (a)(ii) of Utah Code Ann. § 78B-5-503(2). Although the Debtor's amended Schedule C alters the claimed exemptions, it does not alter the evidence and law that would otherwise apply, and the Court does not believe that further evidence or argument is needed.

**III.    DISCUSSION**

The Debtor argues that he is entitled to a homestead exemption of $30,000 divided amongst Parcels 1 and 2 and a homestead exemption of $5,000 in Parcel 3 under Utah Code Ann. § 78B-5-503(2)(a)(ii) and (i), respectively. The Trustee objected to the claimed exemptions, arguing that the statute permits an exemption in either the primary personal residence or property that is not the primary personal residence, but not both.

Upon filing bankruptcy, a debtor may exempt certain property from the bankruptcy estate pursuant to 11 U.S.C. § 522.[4] Because Utah has opted out of the federal exemptions available under § 522(d), if a debtor satisfies the residency requirements of § 522(b)(3)(A), Utah exemption law applies.[5] The parties do not dispute that the Debtor is a resident of the state of Utah and that he satisfies § 522(b)(3)(A). Therefore, Utah exemption law applies in this case.

Pursuant to Federal Rule of Bankruptcy Procedure 4003(b), a party in interest may file an objection to a claimed exemption within thirty days of the conclusion of the meeting of creditors. As described by the Tenth Circuit Bankruptcy Appellate Panel, which is persuasive with this Court, the 30-day objection period recommences upon conversion of a case from one under Chapter 13 to one under Chapter 7.[6] Here, the Trustee, upon the conversion of the case, timely objected to the Debtor's claimed exemption.

In objecting to an exemption, it is the Trustee's burden to prove that the exemption is not

---

[4] Unless otherwise noted, all subsequent statutory references are to title 11 of the United States Code.

[5] *See* Utah Code Ann. § 78B-5-513; *see also In re Cornia*, No. 13-22364, 2013 WL 1788053 at *2–3 (Bankr. D. Utah Apr. 26, 2013).

[6] *Campbell v. Stewart (In re Campbell)*, 313 B.R. 313, 323 (B.A.P. 10th Cir. 2004).

properly claimed.[7] If the Trustee meets his burden, then the burden of production shifts to the Debtor to produce unequivocal evidence that the claimed exemption is proper.[8]

The Court will first address whether the Debtor can properly claim a homestead exemption in both his primary personal residence and property that is not his primary personal residence, and second, whether the Debtor can properly claim an exemption in Parcel 2 as part of his primary personal residence.

    A.        Utah Code Ann. § 78B-5-503(2)(a)

The Trustee's objection to the Debtor's claim of exemption in both a primary personal residence and property that is not the primary personal residence is a matter of statutory interpretation. As noted by the Tenth Circuit Court of Appeals, "bankruptcy courts must resort to state law for interpretation of state exemption rights in homesteads."[9] Under Utah Code Ann. § 78B-5-503(2)(a), "an individual is entitled to a homestead exemption consisting of property in this state in an amount not exceeding: (I) $5,000 in value if the property consists in whole or in part of property which is not the primary personal residence of the individual; or (ii) $30,000 in value if the property claimed is the primary personal residence of the individual." When interpreting a Utah statute, the Court "employ[s] plain language analysis to carry out the legislative purpose of the

---

[7] *See* Fed. R. Bankr. P. 4003(c).

[8] *See Lampe v. Williamson (In re Lampe)*, 331 F.3d 750, 757 (10th Cir. 2003); *In re Larson*, 260 B.R. 174, 186 (Bankr. D. Colo. 2001) ("[I]f the objecting party can produce evidence to rebut the exemption, then the burden of production shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper, although the burden of persuasion will remain with the objecting party.").

[9] *Zubrod v. Duncan (In re Duncan)*, 329 F.3d 1195, 1198 (10th Cir. 2003) (citation and quotation omitted); *see also Butner v. United States*, 440 U.S. 48, 54 (1979) (explaining that bankruptcy courts look to state law in interpreting property rights).

statute as expressed through the enacted text."[10] The Court must "give effect to every provision of a statute and avoid an interpretation that will render portions of a statute inoperative."[11] When the statutory language is unambiguous, the Court's analysis ends.[12]

It is well-established that exemption laws are to be construed liberally in favor of the party claiming the exemption,[13] but this does not permit a court to misconstrue the plain language. The language of Utah Code Ann. § 78B-5-503(2)(a) is clear and unambiguous. The term "or" is disjunctive and is used in subsection (2)(a) to direct an individual to claim either up to $5,000 in property that is not the primary personal residence or up to $30,000 in property that is the primary personal residence. If the Utah legislature intended for an individual to take an exemption in either or both a primary personal residence and property that is not the primary personal residence, it knew how to do so.

For example, in subsection (c) of Utah Code Ann. § 78B-5-503(2), the Utah State Legislature provided that "a person may claim a homestead exemption in *either or both* of the following: (i) one or more parcels of real property together with appurtenances and improvements; or (ii) a mobile home in which the claimant resides."[14] Subsection (c) appears to be a carve-out for individuals who

---

[10] *Richards v. Brown*, 274 P.3d 911, 917 (Utah 2012).

[11] *Warne v. Warne*, 275 P.3d 238, 247–48 (Utah 2012).

[12] *Richards*, 274 P.3d at 917.

[13] *See In re Godfrey*, 386 B.R. 339, 341 (Bankr. D. Utah 2008) ("[E]xemption laws must be liberally construed in favor of the claimant to effect their humanitarian purposes.") (citation omitted).

[14] Utah Code Ann. § 78B-5-503(2)(c) (emphasis added).

6

own mobile homes. Such individuals are allowed to claim "either or both" parcels of real property[15] and a mobile home in which he or she resides. The use of the phrase "either or both" shows the Legislature's ability to distinguish between when an individual can properly claim an exemption in multiple, distinct properties or is limited to claiming an exemption in one property.[16] The phrase "either or both" is not used in subsection (2)(a); rather, the Legislature chose to use the term "or." Statutes cannot be read in a vacuum, and to hold that an individual could claim an exemption in both the primary personal residence and property that is not the primary personal residence would render the language of Utah Code Ann. § 78B-5-503(2)(c) superfluous. Accordingly, the Court's analysis ends with the plain language of the statute, and the Court determines that the Trustee has met his burden. The Debtor may only properly claim a homestead exemption not exceeding $30,000 in his primary personal residence or a homestead exemption not exceeding $5,000 in property that is not his primary personal residence.

    B.    *Utah Code Ann. § 78B-5-503(1)(c)*

The Debtor, as shown in his amended Schedule C, claims a homestead exemption under Utah Code Ann. § 78B-5-503(2)(a)(ii) in Parcels 1 and 2. A primary personal residence is defined in Utah Code Ann. § 78B-5-503(1)(c) as "a dwelling . . . and the land surrounding it, not exceeding one acre, as is reasonably necessary for the use of the dwelling." A primary personal residence is limited to one acre, which element is met here when Parcel 2, which the Court determines to be surrounding land, is combined with Parcel 1. However, under the statute, the surrounding land must also be

---

[15] Under Utah Code Ann. § 78B-5-503(1)(d), real property is distinct from a primary personal residence. That provision defines "property" to mean "(I) a primary personal residence; (ii) real property; *or* (iii) an equitable interest in real property awarded to a person in a divorce decree by a court" (emphasis added).

[16] *See supra* note 14.

7

"reasonably necessary for the use of the dwelling" to qualify as part of the primary personal residence.

The Trustee argues that Parcels 1 and 2 were purchased separately and that the Debtor's home is located on Parcel 1 and not Parcel 2, thus Parcel 2 is not reasonably necessary for the use of the dwelling. Based on the claimed exemption, the Trustee met his burden in objecting to the exemption, and the burden of production shifts to the Debtor. The Debtor testified that he purchased Parcel 2 to meet the city's setback requirement, and the Court, finding the Debtor's testimony to be credible, determines that his testimony is unequivocal evidence that Parcel 2 is surrounding land that is reasonably necessary for the use of the dwelling. Without Parcel 2, the Debtor would be in violation of the city's setback requirement. Accordingly, Parcel 2 may be included as part of the Debtor's primary personal residence under Utah Code Ann. § 78B-5-503(1)(c), and the Debtor may properly claim a homestead exemption in Parcels 1 and 2 as his primary personal residence.

## IV. CONCLUSION

Based on the foregoing analysis, the Court concludes that the Debtor is entitled to a $30,000 exemption in Parcels 1 and 2 as his primary personal residence or, in the alternative, the Debtor may claim an exemption in Parcel 3 in an amount not to exceed $5,000. The Debtor will be allowed ten days to amend his Schedule C consistent with this Court's ruling.

_____END OF DOCUMENT_____

_____ooo0ooo_____
## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Benjamin Ruesch
SANDERS RUESCH & REEVE, PLLC
55 South 300 West, Ste. 1
Hurricane, UT 84737
 *Attorney for Debtor*

Kurt W. Wilson
628 E. Hwy 59
Hurricane, UT 84737
 *Debtor*

Jessica G Peterson
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Ste. 900
P.O. Box 4050
Salt Lake City, UT 84110-4050
 *Attorney for Chapter 7 Trustee*

David C. West
321 North Mall Drive, Ste. 0-202
St. George, UT 84790
 *Chapter 7 Trustee*

United States Trustee
Ken Garff Bldg.
405 South Main Street, Ste. 300
Salt Lake City, UT 84111